IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LaMIQUEL COURTNEY TRAYLOR, ) | |
| AIS #278330, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:16-CV-573-MHT |
| ) | |
| PARTICIA HOOD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by LaMiquel Courtney Traylor ("Traylor"), an indigent state inmate, in which he challenges the use of a chemical spray against him on December 26, 2015 at the Draper Correctional Facility.  Pursuant to the orders of this court, the defendants filed a special report, supported by relevant evidentiary materials, in which they address Traylor's claims.  The report and evidentiary materials refute Traylor's self-serving, conclusory allegations.  The defendants assert, and the documented evidence indicates, that neither defendant acted in violation of Traylor's constitutional rights with respect to the incident at issue.

In light of the foregoing, the court issued an order directing Traylor to file a response to the defendants' written report. Doc. 19.  The order advised Traylor that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 19 at 1. Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a**

**response in compliance with the directives of this order**" would result in the dismissal of this civil action. Doc. 19 at 1. The time allotted to Traylor for filing a response in compliance with the directives of this order expired on November 1, 2016. Traylor has failed to file required response in opposition to the defendants' written report. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. After such review, the court concludes that dismissal of this case is the proper course of action. Specifically, Traylor is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, the lack of action by Traylor in the face of the defendants' report and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants demonstrate that no constitutional violation occurred. It therefore appears that any additional effort by this court to secure Traylor's compliance would be unavailing. Consequently, the court concludes that the failure of Traylor to comply with an order of this court and his apparent abandonment of this case warrant dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned); *Tanner v. Neal,* 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for his failure to comply with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

It is further ORDERED that on or before **December 5, 2016** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 21st day of November, 2016.

                         /s/ Gray M. Borden
                        UNITED STATES MAGISTRATE JUDGE